PER CURIAM.
Plaintiff and defendant were rival candidates for Member of the School Board at a Democratic primary election held in the eighth ward in the Parish of Beauregard, on July 25, 1950.
The tabulation by the Democratic Executive Committee of the votes cast at that election shows that plaintiff received one hundred and seventy five votes and defendant received one hundred and seventy eight votes, giving the majority of three votes to the latter on the face of the returns. Defendant Miller was declared the nominee. Plaintiff files this suit claiming that he was entitled to the nomination.
Among other allegations of the plaintiff, he avers that four certain persons were allowed to cast their individual votes in the said primary election for the Office of Member of the School Board for Ward eight of said Parish, and alleges in his petition that these four individuals were not actual bona fide residents of Ward eight of the Parish of Beauregard, having resided in Ward three of said Parish for a period in excess of six months prior to the date of the primary. He alleges that their votes were duly contested by the Election Commissioners of Precinct one of Ward eight of the said Parish at the time the said votes were cast, and that these votes were illegally cast for Defendant Miller and should not have been counted in the tabulation, and for that reason, he would have received a majority of the legal votes cast in the said primary election for the School Board of Ward eight, and would have been nominated to said office. He further prays for a recount of the ballot box of Precinct one of Ward eight.
Defendant filed an exception of no cause or right of action, which was overruled by the Court. He then filed his answer in the nature of a general -denial.
The -trial of the case resulted in a judgment in favor of the plaintiff and against the defendant, decreeing that the votes cast for Member of the School Board of Ward eight Precinct one of Beauregard Parish in the Democratic Election held in the said Ward of said Parish, by the aforenamed alleged electors were null and void, and the said votes were excluded therefrom. It was further decreed that the plaintiff was the proper candidate for nomination of the Democratic Party for Member of the School Board of Ward eight, Beauregard Parish, and that the Democratic Executive Committee of Beauregard Parish be ordered and directed to certify the name of Plaintiff as the proper candidate for nomination by the Democratic Party for said Office to the Secretary of State. Defendant has appealed.
This case was heard by us on the 30th of August, 1950, and on September 1, 1950, within the time set by law, we rendered the following decision in the matter:
“After a careful examination and consideration of the exception of no cause or right of action, we agree with the Trial *831 Court that it should be overruled, and it is so ordered. As to the merits of the case it is shown that the names of the four persons whose votes are questioned, were not on the registration nor the poll list and therefore the first knowledge that anyone had that the four parties claimed to be qualified voters of Ward eight Precinct one, was when they presented themselves to vote. Their votes were protested for the following reason: ‘because I know that the voter has not lived in this Precinct one Ward eight during the past three months.’
“It is contended that no testimony can be introduced to prove the truth of the grounds set forth in the protest, as such would be a collateral attack on the registration roll and poll list. This would be correct if the names of the parties were shown on the registration or poll list. It is clearly shown, however, that they were not on either the registration nor poll list and therefore they could not have been purged prior to their attempt to vote. Under the facts we do not believe that proof of the grounds of the protest would constitute a collateral attack upon the registration nor poll list, and accordingly we believe the testimony as to the actual bona fide residence of the four voters, three months next preceding the election as provided for by the Constitution, Art. VIII, Section 1, should have been allowed.
“For the foregoing reasons this case is remanded to the District Court for the purpose of taking and placing in this record testimony as above stated, and the record as completed to be returned to this Court on or before September 23rd, 1950.”
Pursuant to the above quoted decision, testimony was received and returned to us.
In the taking of the testimony on remand, the defendant objected to such testimony, in that the protests of the four-contested votes were not in accordance with law, as the name of the voter was not stated. This same objection had been made in the former hearing. From his-reasons for judgment, we find that the lower Court correctly overruled this objection to the introduction of the testimony.
We see no reason why we should' go into any prolonged discussion of what each witness testified to, on the remand. We believe it sufficient to say that we find that these four votes were illegally cast in that the four voters were not actual bona, fide residents of the eighth Ward of the Parish of Beauregard. The evidence justifies the conclusion that these four voters-had not been actual bona fide residents of the eighth Ward for the past eighteen months prior to the date of the election. They were, and had been residing at their homes at Pleasant Hill in the third Ward of the said Parish during all of that time. We are therefore of the opinion that the four votes were correctly disallowed in the recount, and that the judgment should be affirmed.
The judgment appealed from is accordingly affirmed.